IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

WANDA FRANKHOUSER HOW,          §
ET AL.                          §
                                §
           Plaintiffs,          §
                                §
VS.                             §          NO. 3-08-CV-0745-BD
                                §
BANK OF AMERICA, N.A., ET AL.   §
                                §
           Defendants.          §

## MEMORANDUM ORDER

In this civil action removed to federal court by defendants on the basis of diversity of citizenship, plaintiffs have filed a motion to remand on the ground that removal was untimely. At issue is whether defendants filed their notice of removal within 30 days of receipt "of a copy of an amended pleading, motion, order or other paper" from which they could ascertain that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[1] Plaintiffs contend that their amended disclosures served on or about August 20, 2009, clearly indicate that the amount in controversy exceeds $75,000.00, but defendants did not remove the case to federal court until February 17, 2010--nearly six months later. Defendants counter that the amount in controversy was not clear until plaintiffs served a DTPA demand letter along with their second amended petition on February 2, 2010. The issues have been fully briefed by the parties, and the motion is ripe for determination.

---

[1] Plaintiffs do not dispute that the parties are citizens of different states and that the amount in controversy exceeds $75,000.00. The only issue is whether defendants timely filed their notice of removal.

The federal removal statute provides, in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]

> \* \* \* \*

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of [diversity jurisdiction] more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). Defendants filed their notice of removal within 30 days of receipt of plaintiff's second amended petition and a DTPA demand letter seeking damages on behalf of Wanda How in excess of $75,000.00. However, on or about August 20, 2009, plaintiffs served defendants with amended disclosures, one of which specified the amount of damages sought by plaintiffs in the state court action:

1.    As to Wanda:

    A.    Loss on inability to obtain loan on new home in the sum of at least $73,617.00 as of August 18, 2009;

    B.    Damages to character and reputation in the sum of at least $10,000;

    C.    Attorney's fees in the sums set forth in Paragraph F;

    D.    Pre- and post-judgment interest; and

    E.    Costs of Court.

2.    As to Mark:

    A.    Penalties for charging of usurious interest on the Accounts in the sum of at least $10,000.00, which sum may be multiplied according to law;

B.     Forfeiture of all principal and/or interest alleged due
       on the Accounts in the sum of at least $45,000;

C.     Attorney's fees in the sums set forth in Paragraph F;

D.     Pre- and post-judgment interest; and

E.     Costs of Court.

(*See* Plf. Mot. App., M. How Affidavit, Exh. B at 8).   Discovery responses, such as amended

disclosures, constitute an "other paper from which it may first be ascertained that the case is one

which is or has become removable[.]"  *See, e.g. Doss v. Albertson's LLC*, 492 F.Supp.2d 690, 693

(W.D. Tex. 2007) (discovery response constitutes "other paper" under section 1446(b)); *Hines v. AC*

*& S, Inc.*, 128 F.Supp.2d 1003, 1006 (N.D. Tex. 2001) (same).   Notwithstanding that plaintiffs'

amended disclosures specify damages of at least $138,671.00, defendants did not remove the case

to federal court within the 30-day statutory period.

       In an attempt to explain why the amended disclosures did not trigger the 30-day removal

period, defendants argue that Wanda How was not legally entitled to recover damages for loss of the

ability to obtain a new home loan until she tied those damages to her DTPA claim.   At the time

plaintiffs served their amended disclosures, Wanda's only claims were for declaratory relief, libel,

and unspecified violations of the Fair Credit Reporting Act.   According to defendants, none of those

claims supported an award of $73,617.00 in damages.  (*See* Def. Resp. Br. at 5-6).   However, "when

determining the amount in controversy for diversity purposes, a federal court need not pre-try the

sufficiency of the plaintiff's complaint.   Subject matter jurisdiction is not defeated by the possibility

that the complaint ultimately fails to state a claim on which [plaintiffs] could actually recover

[damages]."  *Loque v. Allstate Insurance Co.*, 314 F.3d 776, 782 (5th Cir. 2002), *cert. denied*, 124

S.Ct. 54 (2003).   That Wanda may not have been able to recover the damages she identified in her

amended disclosures did not impact whether the case was removable under section 1446(b). *See also Villasana v. Bed Bath & Beyond, Inc.*, 502 F.Supp.2d 528, 530 (W.D. Tex. 2007) (noting that question of the amount in controversy does not turn on probability or improbability of recovery).[2]

For these reasons, plaintiffs' motion to remand [Doc. #3] is granted. This case is hereby remanded to the County Court at Law No. 5 of Dallas County, Texas.

SO ORDERED.

DATED: May 4, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Defendants also object that plaintiffs did not confer with opposing counsel prior to filing their motion to remand as required by Local Rules 7.1(a) & (b). However, "the failure to file a certificate of conference presents no basis to deny the motion where, as here, it is clear that the motion is opposed and that a conference would neither have eliminated nor narrowed the parties' dispute." *Orbregon v. Melton*, No. 3-02-CV-1009-D, 2002 WL 1792086 at *1 n.3 (N.D. Tex. Aug. 2, 2002).